THOMAS R. AYER, PLAINTIFF IN ERROR, VS. SAMUEL J. DILLARD, DEFENDANT IN ERROR.

1. A deed executed by the Governor and Secretary of State, purporting to convey all the right, title and interest the State may have acquired under the provisions of Chap. 4011, acts of 1891, to lands therein described, which the deed recites were embraced in certain tax certificates of lands certified to the State under the provisions of that act, is not prima facie evidence of title in the grantee, nor of the regularity of the proceedings for the certification of such lands to the State.

2. A motion to exclude from evidence a deed executed by the Governor and Secretary of State, purporting to convey all the right, title and interest the State may have acquired under the provisions of Chapter 4011, acts of 1891, to lands therein recited as embraced in certain tax certificates of lands certified to the State under the provisions of that act, made at the conclusion of the evidence of the party introducing it, should be granted, where none of the proceedings upon which the deed was based, were introduced by the party claiming under it.

This case was decided by Division B.

Writ of error in the Circuit Court of Marion County.

The facts in the case are stated in the opinion of the Court.

*W. S. Bullock,* for Plaintiff in Error;

No appearance for Defendant in Error.

CARTER, P. J.

It appears from the abstracts that in February, 1898, plaintiff in error began an action of ejectment against the defendant in error in the Circuit Court of Marion County to recover certain land situated in that county. Defendant pleaded not guilty. At the trial plaintiff proved title by patent from the United States to Postell Taylor, and deed from the latter to the plaintiff, and rested his case. Defendant thereupon introduced in evidence a deed executed December 10, 1896, by Hon. H. L. Mitchell, Governor, and Hon. John L. Crawford, Secretary of State, under the seal of the Commissioner of Agriculture, purporting to convey to one C. T. Culverhouse "all the right, title and interest the State of Florida may have required under the provisions of an act entitled 'an act to provide for certifying lands to the Comptroller, upon which taxes have not been paid for the redemption thereof, and for the forfeiture and sale of lands not redeemed.' approved June 10, 1891," in and to the lands in controversy, recited in such deed to have been embraced in tax certificates Nos. 2117 and 2119 of 1893, of lands certified to the State. Plaintiff objected to the introduction of this deed upon various grounds, one being that the deed appeared to have been executed under and by virtue of a power and authority, and such power and authority had not been

first shown. These objections were overruled and an exception taken. Defendant then introduced parol evidence tending to show that C. T. Culverhouse sold him the land and placed him in possession, and rested his case; whereupon plaintiff moved to exclude from evidence the deed introduced by defendant, upon the ground it had not been shown that the statutes under which it was executed had been complied with, but the court overruled the objection and an exception was taken.

The court at the conclusion of the evidence instructed the jury that the deed introduced by defendant showed title in Culverhouse, and directed a verdict for defendant, to which instruction an exception was taken. From the judgment entered upon the verdict for defendant this writ of error was taken.

The only question which the court finds it necessary to discuss or decide arises on the second exception above mentioned.

Chapter 4011, acts of 1891, provided that after January 1, 1892, no more lands shall be sold for taxes, and made it the duty of the tax collectors at the time therein specified to it and which shall not have been redeemed shall the taxes had not been paid. It also required the Comptroller to publish a list of the lands so certified, and authorized the redemption of any lands so certified at any time within two years. By section 6 it was provided that "the State's title to all lands which shall have been certified to it and which shall not have been redeemed shall mature and become absolute at the expiration of two years from its certification, and all such lands shall be placed by the Comptroller upon the State's list of public lands, and when sold by the State all proceeds arising therefrom over and above the amount of taxes, interest

and costs shall be placed to the credit of the general revenue funds of the State." It was further provided by this section "that the owner, agent, creditor or other person having an interest therein may redeem said land even after the expiration of two years from the certification, if the land has not been sold by the State." Section 9 constituted the Comptroller, Treasurer and Commissioner of Agriculture a board to grade and list lands to which the State had acquired title under the provisions of the act and to fix prices for same. Section 10 provided that lands so graded and priced should be entered upon the records of the Commissioner of Agriculture and by him held for sale, and directed the Governor and Secretary of State to execute deeds to lands sold, "conveying to the purchaser all the rights, title and interest that the State may have acquired under the provisions of this act."

The deed introduced by the defendant purports to have been executed in pursuance of this act, and the question for decision is, was the deed alone sufficient to prove title in the grantee. We have no statute making the deed *prima facie* evidence of the regularity of the proceedings, or of the title in the guarantee. There are statutes which provide that tax deeds executed by the clerk of the Circuit Court under powers vested in him are *prima facie* evidence, but these statutes do not embrace deeds executed by the Governor and Secretary of State, conveying the State's title to lands certified to it under the act of 1891.

In Dickerson v. Acosta, 15 Fla. 614, text 619, 620, it is said: "Very generally it has been held by the courts of various States and by the Supreme Court of the United States under various statutes regulating tax sales, that a deed given upon a sale for the nonpayment of taxes was

not sufficient evidence of title, but only of the fact of sale, and that proof of the regularity of the anterior proceedings devolves upon the person who claims title under the collector's sale." This quotation expresses the law correctly (Black on Tax Titles, Sec. 443, 444; Cooley on Taxation, p. 517-518; Blackwell on Tax Titles, Sec. 845), and we hold that the rule applies to the deed now being considered, although it was not executed in pursuance of a sale but of a certification to the comptroller of lands for the nonpayment of taxes. A deed under this act only purports to convey all the rights, title and interest that the State may have acquired under that act, and unless it be shown that the State acquired some valid right, title or interest thereunder, nothing can be recovered under the deed. The deed alone does not prove that the State had acquired an interest such as it purports to convey, nor does the statute make the deed *prima facie* evidence. We hold that proof of such a deed alone is insufficient to prove title in the grantee, and that the Circuit Court erred in refusing the motion to exclude the deed to Culverhouse from evidence upon plaintiff's motion at the conclusion of the defendant's evidence. The practice here sanctioned does not conflict with that announced in Ellis v. Clark, 39 Fla. 714, 23 South. Rep. 410, as in that case the tax deed sought to be stricken was by statute made *prima facie* evidence; whereas, the deed in the present case is not, as we have seen, *prima facie* evidence of title or of the regularity of proceedings.

The judgment of the Circuit Court is reversed and a new trial granted.