100 So.2d 669 (1958)
FOREMOST PROPERTIES, INC., a Corporation, Appellant,
v.
Helen M. GLADMAN et al., Appellees.
No. A-127.
District Court of Appeal of Florida. First District.
February 4, 1958.
Rehearing Denied March 11, 1958.
*670 Ragland, Kurz, Maness & Toole, Jacksonville, for appellant.
Berwick Anderson, Green Cove, for appellee.
PATTEN, GEO. L., Associate Judge.
The appellant, Foremost Properties, Inc., a corporation, plaintiff in the lower court, filed suit in the Circuit Court of Clay County, Florida, seeking to quiet title to certain lands in said county against Helen M. Gladman, appellee, defendant in the lower court. Appellee, in her answer and counter-claim, prayed for affirmative relief and for her title to be quieted against the appellant.
Appellant's title is based upon a chain of title deraigned from a tax deed issued by the State of Florida to one W.B. Owen, dated June 21, 1895, based upon Tax Sale Certificate No. 176 of the sale of 1892 for nonpayment of 1891 state and county taxes. The deed was issued under the provisions of Chapter 4011, Acts of 1891. The title of appellee is based upon an unbroken chain of title from William P. Clyde who on or prior to June 21, 1895, was the owner in fee simple of the lands described in the complaint. While both parties introduced evidence as to possession, this evidence was insufficient to establish a title by adverse possession in either the appellant or appellee.
The cause was referred to a Special Master and appellant having given the notice required by F.S. § 92.08, F.S.A., offered in evidence a certified copy of a deed from Henry L. Mitchell, Governor of the State of Florida, and John L. Crawford, Secretary of State, to W.B. Owen, dated June 21, 1895, and recorded September 23, 1895. Appellee objected to introduction of said deed on the ground that the proceedings surrounding the issuance thereof had not been received in evidence. The master sustained the objection, and in his report and findings recommended that the title be quieted in appellee. The lower court confirmed this report and quieted title to the lands in appellee.
As we view the case, the only questions to be determined is whether error was committed in sustaining the objection to introduction of the deed from the State of Florida to W.B. Owen, and failure of the lower court to apply the provisions of F.S. § 95.23, F.S.A., which reads as follows:

*671 "Limitations where deed or will of record for twenty years or more. After the lapse of twenty years from the record of any deed or the probate of any will purporting to convey lands no person shall assert any claim to said lands as against the claimant under such deed or will, or their successors in title.
"After the lapse of twenty years all such deeds or wills shall be deemed valid and effectual for conveying the lands therein described, as against all persons who have not asserted by competent record title and adverse claim." (Emphasis supplied.)
Appellee relies on the case of Ayer v. Dillard, 45 Fla. 179, 33 So. 714, 716, which involved the admissibility in evidence of a similar deed under the same act. In that case the Supreme Court of Florida reviewed the provisions of Chapter 4011, Acts of 1891, and concluded with this statement:
"A deed under this act only purports to convey all the rights, title, and interest that the state may have acquired under that act; and, unless it be shown that the state acquired some valid right, title, or interest thereunder, nothing can be recovered under the deed. The deed alone does not prove that the state had acquired an interest such as it purports to convey, nor does the statute make the deed prima facie evidence. We hold that proof of such a deed alone is insufficient to prove title in the grantee, and that the circuit court erred in refusing the motion to exclude the deed to Culverhouse from evidence upon plaintiff's motion at the conclusion of the defendant's evidence. The practice here sanctioned does not conflict with that announced in Ellis v. Clark, 9 Fla. 714, 23 So. 410, as in that case the tax deed sought to be stricken was by statute made prima facie evidence; whereas the deed in the present case is not, as we have seen, prima facie evidence of title or of the regularity of proceedings."
In 1925, Chapter 10111, now F.S. § 92.08 F.S.A., was enacted which reads as follows:
"Deeds and powers of attorney of record for 20 years or more as evidence. The recitals in any deed of conveyance or power of attorney shall be admissible in evidence when offered in evidence by either party to any suit at law or in equity as prima facie proof of the truth of the facts therein recited, provided such deed of conveyance or power of attorney appears regular on its face and is a muniment in the chain of title under which the party offering the deed claims, and has been recorded as provided by law for more than twenty years prior to the institution of the suit in which it is offered; and provided further, that the party offering the deed of conveyance or power of attorney for such purposes shall at least ten days before the trial of the suit in which the said copy is offered in evidence give notice to the opposite side of the intention to offer such copy in evidence and the purpose for which the same will be offered, and deliver with such notice a copy of the deed or power of attorney. The original deed or power of attorney shall be offered unless the party offering the certified copy shall show that the original is not within the custody or control of the party offering the copy." (Emphasis supplied.)
It is admitted that proof of proceedings surrounding the issuance of the deed in question is impossible because of loss or destruction of records, and it follows, therefore, that if the rule announced in Ayer v. Dillard, supra, is controlling no deed issued under Chapter 4011, Acts of 1891, would be admissible in evidence because there would be no evidence available to establish its validity.
*672 In construing F.S. § 95.23, F.S.A. we must bear in mind that statutes of limitations are designed to prevent undue delay in bringing suit on claims and to suppress fraudulent and stale claims from being asserted, to the surprise of parties or their representatives, when all the proper vouchers and evidence are lost, or the facts have become obscure from the lapse of time or the defective memory or death or removal of witness. 34 Am.Jur., Limitation of Actions, § 10.
While the courts will not strain either the facts or the law in aid of a statute of limitations, nevertheless such enactments will receive a liberal construction in furtherance of their manifest object and are entitled to the same respect as other statutes, and ought not to be explained away. 34 Am.Jur., Limitation of Actions, § 14.
A statute of limitations relating to a deed of record for twenty years or longer does not purport to validate a deed such as that in question, but operates to prevent one claiming against the deed from asserting its invalidity on the ground of procedural defects or omissions. See Barnott v. Proctor, 128 Fla. 63, 174 So. 404; and, Thompson v. Thompson, Fla., 70 So.2d 555.
In Moyer v. Clark, Fla., 72 So.2d 905, 908 it was held:
"The statute (Section 95.23-20 year limitations) is obviously designed to allow a full twenty years for the assertion of claims with the time beginning to run from the recording of a deed. However, the key to the interpretation of the statute is a recognition of the fact that its purpose is to perfect a title of record for twenty years which might for various reasons, otherwise be defective, * * *" (Emphasis supplied.)
The deed from the State of Florida to W.B. Owen, dated June 21, 1895, should have been received in evidence (F.S. § 92.08, F.S.A.) and recognition given to the applicable provisions of F.S. § 95.23, F.S.A.
The final decree quieting title in appellee is reversed and the cause remanded for further proceedings consistent herewith.
Reversed.
STURGIS, C.J., and WIGGINTON, J., concur.