CARROLL, DONALD K, Judge.
The plaintiffs in an action of ejectment have appealed from an order and judgment entered against them by the Circuit Court for Bay County.
At the trial the plaintiffs introduced into evidence certified copies of certain conveyances showing that title to the land in controversy had issued out of the sovereign and by mesne conveyances had passed to one James Wise. The plaintiffs then offered in evidence a certified copy of a recorded instrument purporting to be a power of attorney given by one Eva Wise to G. B. Thompson and also a certified copy of a recorded instrument purporting to be a conveyance of the said land from Eva Wise hy G. B. Thompson, her attorney in fact, to C. H. Danford, to which copies the defendants objected. The court sustained this objection and also like objections to the remaining instruments in the plaintiffs’ alleged chain of title.
The record shows that the two instruments described above, the power of attorney to Thompson and the deed to Dan-ford, were both in the public records of Bay County on July 3, 1900, nearly fifty-nine years before the trial of this action on April 2, 1959.
When the plaintiffs offered in evidence the certified copies of these two instruments, the defendants objected on the ground that there was no showing that Eva Wise had any interest in the land in question. There then ensued a long discussion between counsel for both sides and the trial court concerning the admissibility of the mentioned certified copies. During this discussion the trial court referred to our decision in Foremost Properties, Inc. v. Gladman, Fla.App.1958, 100 So.2d 669 as holding that Section 92.08, Florida Statutes 1959, F.S.A., must be complied with to take advantage of Section 95.23, Florida Statutes 1959, F.S.A. The trial court then held that unless there was some evidence that Section 92.08 had been complied with, the court would have to sustain the objections to the introduction of the certified copies of the power of attorney and the deed to Danford. The plaintiffs then proffered in evidence the conveyances in their chain of title subsequent to the two mentioned instruments, and the court denied the proffer. Whereupon the plaintiffs announced that in view of these rulings they could not sustain their case and requested a nonsuit, which was granted by the court.
The plaintiffs-appellants contend on this appeal that the deed to Danford was admissible in evidence for three reasons: because it was an ancient document, so that a presumption would be indulged in as to descent cast, it being presumed that Eva Wise was the successor in interest to James Wise; because the common-law presumption of seizin; and because of the provisions of Section 95.23.
Since it appears from the record of the trial proceedings that the trial court based its ruling against the admissibility of the two instruments upon our construction of Section 95.23 in the Foremost Properties case, we will take up the appellants’ third reason for admissibility first.
Section 95.23, Florida Statutes 1959, F.S.A., provides:
“Limitations where deed or will of record for twenty years or more. After the lapse of twenty years from the record of any deed or the probate of any will purporting to convey lands no-person shall assert any claim to said *330 lands as against the claimants under such deed or will, or their successors in title.
“After the lapse of twenty years all such deeds or wills shall be deemed valid and effectual for conveying the lands therein described, as against all persons who have not asserted by competent record title an adverse claim.”
. In the instant case nearly fifty-nine years had elapsed at' the time of the trial since the recording of the deed to Danford and so, perforce this statute, it is deemed valid and effectual for conveying the land in question.
The trial court, however, held because of its understanding of our Foremost Properties decision that the plaintiffs were not entitled to the benefit of this statute because of their failure to comply with the provisions of Section 92.08, Florida Statutes 1.959, F.S.A., which reads:
“Deed and powers of attorney of record for 20 years or more as evidence. The recitals in any deed of conveyance or power of attorney shall be admissible in evidence when offered in evidence by either party to any suit at law or in equity as prima facie proof of the truth of the facts therein recited, provided such deed of conveyance or power of attorney appears regular on its face and is a muniment in the chain of title under which the party offering the deed claims, and has been recorded as provided by law for more than twenty years prior to the institution of the suit in which it is offered; and provided further, that the party offering the deed of conveyance or power of attorney for such purposes shall at least ten days before the trial of the suit in which the said copy is offered in evidence give notice to the opposite side of the intention to offer such copy in evidence and the purpose for which the same will be offered, and deliver with such notice a copy of the deed or power of attorney. The original deed or power of attorney shall be offered unless the party offering the certified copy shall show that the original is not within the custody or control of the party offering the copy.”
The question is now squarely up to us to declare whether in Foremost Properties, Inc. v. Gladman, Fla.App.1958, 100 So.2d 669, 670, we held, expressly or impliedly, that a party must comply with Section 92.08, in order to secure the benefits of Section 95.23.
In that case we considered an appeal by the plaintiff in a suit to quiet title. Its title was based upon a chain of title deraigned from a tax deed issued by the State of Florida to W. B. Owen in 1895. As we said in our opinion, the appellant, “having given the notice required by F.S. § 92.08” offered in evidence at a hearing before the special master a certified copy of that tax deed, to which the appellee objected on the ground that proof of the proceedings surrounding the issuance of the deed had not been received in evidence. The master sustained the objection and in his report and findings recommended that title be quieted in the appellee. The Circuit Court confirmed the report and so quieted title, and the appeal ensued. In our opinion we stated that the only question before us was whether error was committed in sustaining the objection to the introduction of the tax deed and the failure of the court to apply the provisions of Section 95.23. We pointed out that it was admitted that proof of the proceedings surrounding the issuance of the deed was impossible because of the loss or destruction of records. Finally, we held that the tax deed “should have been received in evidence (F.S. § 92.08, F.S.A.) and recognition given to the applicable provisions of F.S. § 95.23, F.S.A.” We then reversed the final decree and remanded the cause for further proceedings.
The language quoted from our opinion in the Foremost Properties case, to *331 gether with the remainder of the opinion, was not intended by us as an indication that we were holding that in every case compliance with Section 92.08 was a prerequisite to invoking Section 95.23. All we did, and all we could do under the accepted principles of the judicial process, was to make a judicial decision confined to the record on the case then before us. On the other hand, we can easily understand how the Circuit Court in the instant case was led into a misconstruction of our holding in the Foremost Properties case because of the language we happened to employ in the opinion in expressing our views on the law and facts involved in that case. To make sure that there will be no possible further misunderstanding in the bench or bar as to our position on this question: Compliance with Section 92.08, (giving the ten days’ notice, etc.) is not necessarily a prerequisite to invoking the benefits of Section 95.23.
A careful reading of Section 92.08 reveals clearly that the legislature enacting it intended to confine its provisions to cases in which a deed of conveyance or power of attorney, recorded more than twenty years before the institution of the suit is offered in evidence for the purpose of proving the truth of the facts in a recital in such instrument. These portions of the statute support this construction: “The recitals in any deed of conveyance or power of attorney * * * as prinla facie proof of the truth of the facts therein recited * * Such a case was the Foremost Properties case, in which objection was made to the introduction of the tax deed on the ground that proof of the proceedings surrounding the issuance of the deed had not been received in evidence and hence the facts stated in the recitals of the deed became an issue in the case.
The case before us on this appeal is not, in our opinion, such a case, for the power of attorney and the deed to Danford were offered in evidence under Section 95.23 in order that they might be “deemed •valid and effectual for conveying the lands therein described * * * ’’ pursuant to the provisions of this statute.
We therefore hold that it was error in the present case to exclude from evidence the certified copies of the power of attorney and deed. No need then exists for us to consider the other grounds contended for by the appellants as justifying admission of these instruments.
Since we have decided that the appellants here were entitled to the benefits of Section 95.23, when they offered in evidence the certified copies of the power of attorney and the deed to Danford, both of which instruments had been on record for far more than the required twenty years, they were entitled to the benefits embodied in and endowed by the following provisions of that statute: that “ * * * no person shall assert any claim to said lands as against the claimant under such deed * * *, or their successors in title”; that such a deed “shall be deemed valid and effectual for conveying the lands therein described, as against all persons who have not asserted by competent record title an adverse claim.”
As the Supreme Court of Florida said in Moyer v. Clark, Fla.1954, 72 So.2d 905, 908, the key to interpretation of Section 95.23 “is a recognition of the fact that its purpose is to perfect a title of record for twenty years which might, for various reasons otherwise be defective * * * ”.
We have no power to add or detract from these statutory provisions, but must give full force and effect to their clear intent and meaning. Therefore, the deed to Dan-ford must be deemed valid and effectual for conveying the lands therein described. This being so, it was not important or even pertinent that there may have been a break in the plaintiffs’ chain of title prior to the recording of that deed.
It will be remembered that, after the Circuit Court in the instant case sustained the objections to the introduction of the power of attorney and deed to Danford, the plaintiff then offered in evidence the remaining instruments in the plaintiffs’ alleged chain *332 of title, deraigning title into them. The court’s sustaining of the defendants’ objections to such instruments was error in view of our holdings in the preceding paragraph of this opinion.
The final judgment appealed from is reversed, and this cause is remanded for a new trial, consistent with the views herein expressed.
In view of our disposition of this appeal, it is not necessary for us to consider and pass upon the appellees’ cross-assignments of error.
Reversed and remanded.
WIGGINTON, C. J., concurs.
STURGIS, J., concurs specially.