Harry **LEFKOWITZ** and Frances Lefkowitz, his wife, Plaintiffs,

v.

H. S. McQUAGGE and Marjorie McQuagge, and W. H. Laird and Dorothy A. Laird, Defendants.

No. 465.

United States District Court
N. D. Florida,
Marianna Division.

May 29, 1963.

See also, 5 Cir., 296 F.2d 50.

John M. Coe, Coe & Coe, Pensacola, Fla., for plaintiffs.

Ernest W. Welch, Isler, Welch & Jones, Panama City, Fla., for defendants.

CARSWELL, Chief Judge.

This cause coming on for trial before the court all parties having waived their right to jury trial, and having presented the matter upon the written record, consisting of the pleadings, all exhibits, depositions taken and affidavits received by written stipulation with like effect as depositions formally taken; and the court having considered the same after oral argument and upon briefs of counsel for both parties, finds as follows:

This being a suit in ejectment, the Plaintiffs seek to recover upon their record title alone, and have introduced in evidence a connected series of recorded instruments beginning with a patent from the United States Government to one James Wise of date December 4th,

1890, and coming down with but one break in the chain of title to the present Plaintiffs. The Break in the chain of title arises because, James Wise, who through intermediate conveyances had parted with the title which he received from the Government, received it back by deed from Sarah R. Russell, on January 7th, 1896, and never conveyed out, and the next conveyance is from one Eva Wise, by attorney in fact, to C. H. Danford, dated June 19th, 1900 and recorded July 3rd, 1900, from which conveyance title comes without any further break to Plaintiffs. No evidence was offered to show connection between James Wise and Eva Wise, Plaintiffs relying upon presumptions claimed to arise because of the ancient character of the deed; the similarity of names; and upon the curative provisions of Section 95.23, Florida Statutes, F.S.A.

Defendants claim through a chain of title starting with a warranty deed dated December 11, 1917, but not recorded until February 27th, 1926, from J. E. Burnett, the source of whose title does not appear in the record. However, before the record of this deed, there appeared the following instruments purporting to deal with the timber on this land, a turpentine lease from the grantor therein, J. E. Burnett, to R. N. Conger and D. K. Middleton, dated June 28th, 1917, and recorded on March 7th, 1918, another turpentine lease from D. K. Middleton to Thomas Turpentine Company, dated November 4th, 1919 and recorded on January 10th, 1920, and a timber deed dated July 22nd, 1924 from D. K. Middleton, et al, to Bayou George Lumber Company, recorded on July 24th, 1924; and a mortgage from F. J. Thomas and Irene L. Thomas, doing business as Thomas Turpentine Company dated March 15th, 1929, and recorded on the same date.

The Defendants further contend that their predecessors in title had adverse possession of the lands, through regular turpentining of the trees thereon, for a period or periods of more than 7 years, with color or title.

## FINDINGS OF FACT

(1) The court finds as a fact that the recorded instruments produced by the Plaintiffs show a connected chain of title from a deed purporting to convey the lands in question of record for more than 59 years prior to the commencement of this suit.

(2) The court finds as a fact that for more than 20 years next succeeding the recording on July 3rd, 1900, of the challenged deed from Eva Wise to C. H. Danford, no instrument "purporting to convey" the lands in question appeared of record, such instrument through which Defendants claim title first appearing of record on February 27th, 1926.

(3) The court finds as a fact that Defendants claim under a connected series of conveyances from the deed from J. E. Burnett, to D. K. Middleton, recorded February 27th, 1926, which deed had been of record for more than 20 years prior to the institution of this suit.

(4) The court fails to find that the Defendants have by the evidence established adverse possession by any of their predecessors in title for the statutory period of seven (7) years.

(5) That the Plaintiffs have offered no proofs of mesne profits.

## CONCLUSIONS OF LAW

(1) The court concludes as a matter of law under the decision of the First District Court of Appeal of Florida in this same controversy, Lefkowitz, et ux., v. McQuagge, et al., 122 So.2d 328 that the Plaintiff's title is good of record, because of the curative provisions of the first paragraph of Sec. 95.23, Florida Statutes, F.S.A.

(2) The court concludes as a matter of law that the claim of the Defendants under an instrument duly recorded for more than 20 years, under the same section cannot prevail because (a) the Plaintiffs claim under the earlier deed, and que prior est tempore potior est jure and (b) because in weighing

the legal efficacy of conflicting claims of title, one which had its origin in a patent from the Government is to be preferred to one which has its origin in a conveyance from a private individual, the source of whose claim of title does not appear; and (c) because 20 years had run after the recording of Plaintiff's challenged deed, before anyone "asserted by competent record title an adverse claim", and (d) because the clause in the second paragraph of Sec. 95.23, Florida Statutes, F.S.A., having reference to the assertion by competent record title of an adverse claim has reference only to the sufficiency of the particular deed challenged as an effective conveyance, under the second paragraph of the section, and no application to the first paragraph as to the validity of the title conveyed, see Moyer v. Clark (Sup. Ct. of Florida) 72 So.2d 905.

Judgment will be entered accordingly.