262 So.2d 276 (1972)
Muriel TOWER and Tower Paint Investments, Inc., a Florida Corporation, Appellants,
v.
Ethel Tower MOSKOWITZ, Appellee.
No. 71-685.
District Court of Appeal of Florida, Third District.
May 9, 1972.
Rehearing Denied June 5, 1972.
*277 Shevin & Shevin, Miami, for appellants.
Podhurst, Orseck & Parks, Miami, for appellee.
Before BARKDULL, C.J., and CHARLES CARROLL and HENDRY, JJ.
HENDRY, Judge.
The defendant-appellants Mrs. Muriel Tower (former daughter-in-law) and Tower Paint Investments, Inc., seeks review of final judgment entered in a suit for declaratory decree as to the Will of Israel Moskowitz, a/k/a Israel Tower, the late husband of plaintiff-appellee Mrs. Ethel Tower Moskowitz (mother-in-law). Additional relief was also prayed for in the action for a declaratory judgment. The court, by the order appealed, determined that Mrs. Moskowitz held a life estate in commercial realty and was entitled to rent from appellees in the amount of $80.00 per month from September 15, 1953 to May 1, 1970, jointly and severally, and rent in the same amount from May 1, 1970, from Tower Paint alone. Mrs. Moskowitz' count for possession was denied and the counterclaim of the appellants was dismissed.
Mr. Tower is the son of Mrs. Moskowitz and was the husband of Mrs. Tower until their divorce in 1966. He was a defendant below and a default was entered against him, so that he is not a party to this appeal.
The facts as set out in the final decree are summarized here. On September 15, 1953, Israel Moskowitz died in Dade County, Florida owning, among other things, a parcel of commercial property located at 2195-2197 N.W. 7th Avenue. The will devised a life estate in the property to Mrs. Moskowitz, remainder in fee to Martin Tower:
"I. I do hereby give, devise and bequeath my real properties located at 2195 and 2197 N.W. Seventh Avenue, Miami, Florida, and all my real property on N.W. 22nd Street, Miami, Florida, to my beloved wife, ETHEL MOSKOWITZ, for life, but upon her death or remarriage, the said properties shall go to my beloved son, MARTIN TOWER, in fee."
The Will further provided that Martin Tower could occupy the store and its apartment at 2195 N.W. Seventh Avenue, on payment of $80.00 per month to his mother and real estate taxes:
"V. It is my desire and wish and I do hereby direct that my son, MARTIN TOWER, shall have the right to occupy as his home the premises which he now occupies over the store premises at 2195 N.W. Seventh Avenue, Miami, Florida, and also have possession of the store premises at 2195 N.W. Seventh Avenue, Miami, Florida, which he presently occupies, both for the sole consideration of Eighty ($80.00) Dollars per month as rental for the both said premises as long as he shall desire, it being understood, however, that the said MARTIN TOWER shall also be required to pay all real estate taxes that may become due on said premises during the time he occupies the same."
At least from 1953, Martin Tower conducted the business as a sole proprietorship, until 1961, when Mr. and Mrs. Tower operated it as equal partners. In August, 1965, the corporation, Tower Paint Investment Company (the stock of which was owned 50-50 by Mr. and Mrs. Tower), was formed and began to utilize the premises. *278 The company in 1966 acquired the remainder in fee formerly owned by Martin Tower. It appears that the corporation assumed the partnership obligations.
Appellee Mrs. Moskowitz operated a separate business at 2197 N.W. 7th Avenue, until 1964, but thereafter leased the 2197 premises in which she had a life estate to a different company.
From 1953, neither of the three defendants paid Mrs. Moskowitz any rent. However, all taxes, insurance, mortgage payments, and virtually all improvements were paid by the three defendants. The defendants, who substantially improved 2195 N.W. 7th Avenue held themselves out as owners.
The court further found that oral demands for the payment of rent were made by Mrs. Moskowitz, but that the only written demand on defendants was sent in 1962; however it may not have been received. Suit was filed on May 1, 1970, and the appellants interposed defenses and a counterclaim. The court found for plaintiff-appellee as to the defenses of equitable estoppel, laches, statute of limitations, adverse possession (by the corporation) and collusion. The court further found that Mrs. Moskowitz failed to establish her right to ejectment against the corporation under Count II of the complaint.[1]
The appellants urge for reversal that the court erred in: (1) determining that the appellee owns a life estate in the property at 2195 N.W. 7th Avenue and entitled to back rent on those premises because of waiver, estoppel, or adverse possession; (2) failing to apply the three year statute of limitations of § 95.11(5) (e), Fla. Stat., F.S.A., concerning tenancies at will, or laches to the claim for back rent; (3) dismissing the counterclaim for an accounting under Ch. 690, Fla. Stat., F.S.A., which is the Uniform Principal and Income Act: (4) in entering judgment as to joint and several liability and failing to apportion the judgment amounts.
The trial court correctly determined that Mrs. Moskowitz holds a life estate in the property, 2195 and 2197 N.W. 7th Avenue, as provided by the Will of her late husband. The trial court found facts adverse to appellants upon which their claims of waiver, estoppel, and adverse possession were based. Since the record reveals substantial competent evidence to support the findings of the court, as the trier of the facts, we cannot reverse his ruling on these matters.
We do not find merit in the appellants' argument that the lower court erred in failing to apply a statute of limitations of § 95.11(5) (e), Fla. Stat., F.S.A. to a claim for back rent asserted in an action formerly cognizable in equity. The statute provides:
"95.11 Limitations upon actions other than real actions
"Actions other than those for the recovery of real property can only be commenced as follows:
* * * * * *
"(5) Within three years. 
"(e) And an action upon a contract, obligation or liability not founded upon an instrument of writing, including an action for goods, wares and merchandise sold and delivered, and on store accounts."
To begin with, the action which sought a construction of a Will is authorized under Florida's Declaratory Judgment Act, Ch. 87, Fla. Stat., F.S.A. Roberts v. Mosley, 100 Fla. 267, 129 So. 835, 836 (1930) (en banc). A suit for declaratory decree was cognizable by law or equity, and the choice would depend upon the subject matter. Coast Cities Coaches v. Whyte, Fla.App. *279 1958, 102 So.2d 848, 850. Based upon the request for construction of the Will and the additional relief prayed for, the instant action is properly characterized as one formerly cognizable in equity. Roberts v. Mosley, supra; Rule 1.040, RCP, 30 F.S.A.
Unless strong equities compelling the application of a different rule are made to appear, a court of equity will apply the statute of limitations in an equity suit with the same substantial effect and same construction as it would receive in a court of law, H.K.L. Realty Corporation v. Kirtley, Fla. 1954, 74 So.2d 876, 878.
On rehearing by a divided Supreme Court in Reed v. Fain, Fla. 1962, 145 So.2d 858, 868, the Court observed:
"Laches, even when measured by a statutory yardstick, does not necessarily bar the assertion of rights in a court of equity which have been the subject of attempted invasion or destruction by action which is null and void, at least not until and unless the rights of innocent third parties intervene or one (or more) of the transgressors has clearly demonstrated that the delay has prejudiced his alleged rights.
* * * * * *
"The so-called equitable maxim that `equity follows the law' is invoked only in cases wherein the equities are equal. This is not such a case."
See also: Albury v. Gordon, Fla.App. 1964, 164 So.2d 549, 552-553.
In H.K.L. Realty, supra, the court found no compelling equities in the record presented for review of a mortgage foreclosure action, and applied the statute of limitations to bar the plaintiff's cause of action to recover principal and interest on the mortgage, but the court ruled that they could recover in their action for breach of covenant back taxes through subrogation. Wall v. Johnson, Fla. 1955, 78 So.2d 371, held that plaintiff's cause of action in equity under a revised bastardy statute was barred by a three-year statute of limitations and reversed the chancellor for not sustaining such defense.
In this matter a widow almost eighty years old was not paid rent due under the Will of her late husband by her son, seemingly because Mrs. Tower controlled the family finances. We are told that this case cried out for equity, and that the chancellor granted equity.
The rule is well-settled that the bar of laches will not be raised solely because of the passage of time. Further, the doctrine of laches is the vehicle by which equity will follow the law and apply the statute of limitations. However, equity will not rigidly follow the statute of limitations where the equities are unequal.
The chancellor stated that Mrs. Moskowitz "... could have been more aggressive in her claim for rent ... and it is the finding of this Court that her conduct does not give rise to equitable estoppel which would defeat her life estate claim for rental of $80.00 per month since the death of her husband in 1953. * * *" the record here does not reveal intervening interests of third persons, nor does it reveal detrimental reliance on the part of the appellants.
The elements of laches are set out in Van Meter v. Kelsey, Fla. 1956, 91 So.2d 327. Laches is an affirmative defense and must be proved by the party asserting it. The first of these elements is that there must be conduct by the defendant, or one under whom the defendant claims, giving rise to the situation of which complaint is made. The conduct is the non-payment of rent. The second element is that the plaintiff, having had knowledge or notice of the defendant's conduct, and having been afforded the opportunity to institute suit, is guilty of not asserting his rights by suit. The widow did not sue to enforce her rights until 17 years after the death of her husband and about four years after the divorce of her son and daughter-in-law. *280 The third element is the lack of knowledge on the part of the defendant that the plaintiff will assert the right on which plaintiff bases his suit. The oral demands for rent were intermittent; only one written demand for rent was made. The evidence was conflicting as to whether the single written request was received, and the chancellor did not specifically find as a fact whether or not it had been received. However, this does not amount to a lack of knowledge or notice by the defendant that the plaintiff would assert the right upon which the suit was based.
We have carefully considered all the points on appeal, the record, argument, and briefs, and express the view that the appellants have not demonstrated reversible error.
Therefore, for the reasons stated and upon the authorities cited, the final decree is in all respects affirmed.
Affirmed.
NOTES
[1] Rule 1.110, esp. (b) and (g), RCP, 30 F.S.A.; cf. § 46.08, Fla. Stat. 1965, prohibiting joinder of ejectment and replevin with other actions, repealed by 1967 Laws of Florida Ch. 67-254, § 3, and see National Leasing Corp. v. Bombay Hotel, Inc., Fla.App. 1964, 159 So.2d 111, 113.