343 So.2d 906 (1977)
Emily YAWN et al., Appellants,
v.
Eugenia C. BLACKWELL, Individually and As Executrix of the Estate of Elizabeth Lesesne Collins, Deceased, Appellee.
No. 75-1402.
District Court of Appeal of Florida, Third District.
March 8, 1977.
Rehearing Denied April 6, 1977.
Prunty, Ross, DeLoach & Olsen, Miami, for appellants.
Hendricks & Hendricks, Coral Gables, for appellee.
Before HENDRY, C.J., and PEARSON and HUBBART, JJ.
PER CURIAM.
The plaintiffs appeal a summary final judgment for the defendant. The plaintiffs in their complaint prayed for the imposition of a trust described as a constructive trust upon real property the title of which is held by the defendant, Eugenia C. Blackwell. *907 The complaint was amended without changing any factual allegations to describe the trust claimed as a resulting trust.
There are many issues of fact appearing from the pleadings and affidavits before the trial court. The court determined that there was no genuine issue of material fact because, under the facts presented, the plaintiffs' claim was actually for the imposition of a constructive trust, which imposition is barred by Section 95.231, Florida Statutes (1975).
"95.231 Limitations where deed or will on record. 
* * * * * *
"(2) After 20 years from the recording of a deed or the probate of a will purporting to convey real property, no person shall assert any claim to the property against the claimants under the deed or will or their successors in title."
See Wadlington v. Edwards, 92 So.2d 629 (Fla. 1957)
Plaintiffs urge that the determination was improperly made upon summary judgment. See the discussion in Baskin v. Griffith, 127 So.2d 467, 473-474 (Fla. 1st DCA 1961). The Supreme Court of Florida, in speaking of the application of the twenty year statute of repose has held that there is a difference in the application of the statute to resulting trusts and to constructive trusts.
"Appellant relies on cases holding that a statute of limitations will not run against the rights of a beneficiary as opposed to the trustee in an express trust or in a resulting trust until such time as the alleged trustee denies the trust relationship or otherwise asserts an interest antagonistic to the beneficiary. Appellant then reasons that she was not bound to act until such time as the appellee affirmatively moved to destroy the trust relationship and set up an antagonistic interest.
"The difficulty with appellant's position simply is that this rule does not apply to constructive trusts. The obvious reason for the distinction is apparent. A constructive trust has its inception in an antagonistic relationship. It is founded in a situation produced by fraud, undue influence, abuse of confidence or mistake. The rights of the beneficiary as against the antagonistic claims of the trustee under a deed such as the one before us come into being when the deed is recorded or at the earliest when the beneficiary knew or should have known of the adverse claim of the trustee."
* * * * * *
Wadlington v. Edwards, 92 So.2d 629 at 631-632 (Fla. 1957). See also Grapes v. Mitchell, 159 So.2d 465 (Fla. 1963); and Peacock v. Firman, 177 So.2d 560 (Fla. 3d DCA 1965).
We hold that it does not appear at this stage of the cause that plaintiffs do not have an action for a resulting trust. Therefore, there are genuine issues of material fact and the trial court will determine from the evidence presented whether a resulting trust came into being.
Reversed and remanded.
HENDRY, C.J., dissents.