373 So.2d 946 (1979)
Sanford KAY and Rebecca Kay, Appellants,
v.
Marilyn Kay FERNANDEZ, As Administratrix CTA of the Estate of Sam Kay, Deceased, Appellee.
No. 78-1036.
District Court of Appeal of Florida, Third District.
August 7, 1979.
*947 High Stack Lazenby Bender Palahach & Lacasa and Alan R. Dakan, Miami, for appellants.
Weinsoff & Weinsoff and Robert D. Klausner, Miami, for appellee.
Before PEARSON, HENDRY and BARKDULL, JJ.
PER CURIAM.
This appeal is from a final judgment for the plaintiff on four promissory notes payable by the defendants to the plaintiff's deceased. The judgment was entered after a nonjury trial at which no court reporter was present. Thereafter, pursuant to Fla. R.App.P. 9.200(b)(3), the trial judge "settled and approved" a statement of the evidence and proceedings.
The defendants' first point on appeal alleges error because the trial judge denied an adjournment after trial had begun when the defendants requested a recess for the purpose of then procuring a court reporter. No reversible error is shown. See Cleary Bros. Const. Co. v. Phelps, 156 Fla. 461, 24 So.2d 51 (1945); and cf. City of Miami v. Brown, 256 So.2d 78 (Fla.3d DCA 1971).
The second point urges that the trial judge erred in failing to hold that as a matter of law the delays in bringing suit constituted a defense of laches. Laches being an equitable defense, the appropriate defense for a simple running of time in this instance is the applicable statute of limitations. See the wording of Section 95.11(1), Florida Statutes, as it appears in 1973 and prior thereto.[1] Nothing other than delay in bringing suit appears on this record. See Tower v. Moskowitz, 262 So.2d 276 (Fla.3d DCA 1972).
The third point urges error in the trial judge's finding on the weight of the evidence. This point does not show error. See Federated Department Stores v. Planes, 305 So.2d 248 (Fla.3d DCA 1974).
Affirmed.
NOTES
[1] See also the revised provisions in Section 95.11(2)(b) and (6), Florida Statutes (1977).