390 So.2d 123 (1980)
PALMLAND VILLAS I CONDOMINIUM ASSOCIATION, INC., Appellant,
v.
Gordon A. TAYLOR et al., Econo Mobile Leasing, Inc., Etc., Appellees.
No. 79-1667.
District Court of Appeal of Florida, Fourth District.
November 12, 1980.
*124 Philip T. Crenshaw of Crenshaw & Crenshaw, P.A., Lake Worth, for appellant.
Kenneth H. Renick of Renick, Zwickel & Gross, Lake Worth, and Kenneth G. Spillias of Spillias & Mitchell, West Palm Beach, for appellee-Econo Mobile Leasing, Inc.
Charles B. Adams, West Palm Beach, for appellee-Nathaniel J. Orr.
Martha J. Cook, Tallahassee, for appellee-Department of Revenue, State of Florida.
HERSEY, Judge.
This is an appeal from an order determining that the liens of certain creditors' judgments and a state tax warrant attached to real property prior to the creation of a constructive trust involving that property.
The real property was conveyed to Palmland Development Corp. on February 24, 1976, to be used for recreational purposes and the conveyance was duly recorded.
Subsequently a tax lien and three judgment liens were recorded against the property.
Thereafter, on January 5, 1979, a final judgment was entered declaring the real property to be held in constructive trust by virtue of the documents recorded in 1976. Jurisdiction to determine whether the liens attached to the property was specifically reserved by the trial court. No appeal was taken from that judgment. Thereafter the trial court determined that the liens did attach to the property and this appeal was taken by appellant, Intervenor/Third Party Plaintiff, from that determination.
Appellant's position is that the liens could not have attached since the property was a trust asset from the time of the conveyance and that the debtor-obligor was thereafter simply a trustee without power to pledge trust assets to secure its corporate obligations.
The result in this case turns upon the answer to the question, when does a constructive trust come into existence. We determine that a constructive trust comes into existence on the date of the order or judgment of a court of competent jurisdiction declaring that a series of events has given rise to a constructive trust.
A constructive trust arises by operation of law, Staples v. Battisti, 191 So.2d 583 (Fla. 3d DCA 1966), as opposed to a *125 resulting trust which automatically arises out of certain circumstances. Grapes v. Mitchell, 159 So.2d 465 (Fla. 1963). Both are creations of equity. The former is created by law to do equity under the circumstances and without regard to intent. The latter is enforced by law to carry out the parties' real or presumed intent based upon the circumstances.
An action for the declaration of a constructive trust may be barred if the events giving rise to the necessity for the imposition of this equitable remedy transpired beyond the period permitted by the applicable statute of limitations, usually expressed in terms of laches. See Yawn v. Blackwell, 343 So.2d 906 (Fla. 3d DCA 1977). This leads inevitably to the conclusion that a constructive trust is not created by the facts themselves since no trust is found where the operable facts occur beyond the statutory period. The facts simply form the basis upon which a court may presently impose a trust if the statute of limitations has not barred this remedy. Wadlington v. Edwards, 92 So.2d 629 (Fla. 1957).
Therefore there was no trust in existence when the liens attached. Imposition of a constructive trust by the order of January 5, 1979, could have no effect on the validity or priority of those liens. The trial court correctly determined that they remained enforceable. It should be noted that a foreclosure sale will not divest the restriction to recreational purposes to which the property will remain subject notwithstanding any such sale.
We affirm the order from which this appeal was taken.
AFFIRMED.
LETTS, C.J., and BERANEK, J., concur.