ON MOTION FOR REHEARING
COBB, Judge.
The appellant, Robert Aldredge, moves for a rehearing after a per curiam affirm- *940 anee in this case, 451 So.2d 863. This motion is granted, our prior opinion is vacated, and this opinion is substituted therefor.
This case involves an action by Aldredge, plaintiff below, on a promissory note, filed in two counts: (1) a claim at law for enforcement of the note, and (2) an alternative equitable claim for restitution based on unjust enrichment. The execution of the note by the defendant, East Colonial Refuse Service, Inc. (ECRS), was not disputed, nor was the fact that the suit was filed within the applicable statute of limitations. Basically, the case was tried below upon the affirmative defenses of laches and failure of consideration.
Since laches was not a defense to count one,[1] the only issue before the trial court in regard to that count was failure of consideration for the note, which was clear and unambiguous on its fact. The trial court, over objection by the plaintiff based on the parol evidence rule, improperly allowed deposition testimony from one Albert Engle, who executed the note as president of the corporate obligor, that it was his understanding that the note was to be individually paid by another shareholder of the corporation, one Oscar Page. See Sears v. James Talcott, Inc., 174 So.2d 776 (Fla. 2d DCA 1965). There was no evidence presented that this belief by Engle was a mutual mistake on the part of both the corporation (ie., Engle) and Aldredge. Nor was there any evidence that Aldredge induced the execution of the note by any fraud or misrepresentation, which would give rise to rescission. A unilateral belief by Engle that Page would pay the note, or even an agreement to that effect between Engle and Page, is no defense in this action. Moreover, since the corporation expressly assumed the obligations of the partnership (Engle, Aldredge and Page) which preceded it, the corporate note, replacing a note to Aldredge given by Engle and Page, was supported by consideration. See § 673.408, Fla.Stat. (1981). See also: Melody Tire Co. v. Zimmerman, 112 Fla. 65, 150 So. 242 (1933).
We reverse and remand for entry of judgment for the plaintiff, Aldredge, for the balance due on the note, plus interest.
REVERSED and REMANDED.
DAUKSCH, J., concurs.
SHARP, J., dissents, without opinion.

. Kay v. Fernandez, 373 So.2d 946 (Fla. 3d DCA 1979).