**In re GUARANTEED INSURANCE UNDERWRITERS, INC., Debtor.**

**Bankruptcy No. 83–01677–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

Nov. 2, 1984.

See also Bkrtcy., 33 B.R. 582.

Manley H. Thaler, Thaler & Thaler, Boca Raton, Fla., for Florida Coast Bank.

Irving E. Gennet, Boca Raton, Fla., Trustee.

Daniel L. Bakst, Johnson, Ackerman & Bakst, P.A., West Palm Beach, Fla., for trustee.

## ORDER DENYING MOTIONS OF FLORIDA COAST BANK

THOMAS C. BRITTON, Bankruptcy Judge.

On September 26 the trustee sold certain Palm Beach County real estate, the title to which was in the debtor's name when this bankruptcy case was commenced on September 12, 1983. Florida Coast Bank had objected to that sale. The objection was overruled. Florida Coast Bank has now moved for reconsideration of that earlier order and has moved to set aside the sale. (C.P. No. 91.) In addition, the bank has moved:

"to impress a lien on the sale proceeds" in favor of the bank. (C.P. No. 92.) Both motions were heard on October 30. Each motion is denied.

The predicate for both motions is that on December 8, 1983 (three months after this debtor's bankruptcy) the bank obtained a judgment in the state court for Palm Beach County against a third party and his wife in the amount of $59,898, of which $50,355 remains unsatisfied. At the time the judgment was entered, the record title to the property in question here was in the debtor corporation, and by operation of the bankruptcy statute, the property had vested in the bankruptcy trustee three months before the judgment was entered. No lis pendens had been filed upon the public record with respect to the property in question.

In February, 1984 (five months after bankruptcy), the bank sued the same third party and his wife alleging that the defendants had fraudulently conveyed the property to the debtor. Although that litigation has not yet been resolved, movant alleges that the defendants admitted a fraudulent conveyance. Neither the bankruptcy trustee nor the debtor is a party to that lawsuit, and the provisions of 11 U.S.C. § 362(a) would prohibit any such action against them.

It is the bank's contention that the debtor obtained title to the property in question by fraud and, therefore, the property never became a part of this estate. The bank asserts that the property should not be sold by this trustee and, if sold, the proceeds should be subject to a lien in favor of the bank.

The bank's position is rejected because of the provisions of § 544. The bank's claim of interest in the subject real property and the proceeds of its sale is indistinguishable from the assertion of a constructive trust against the property in favor of the bank. It is clear in Florida that:

"a constructive trust comes into existence on the date of the order or judgment of a court of competent jurisdiction declaring that a series of events has given rise to a constructive trust." *Palmland Villas I Condominium Association, Inc. v. Taylor*, 390 So.2d 123, 124 (Fla. 4th DCA 1980).

It is equally clear that § 544 vests title in the trustee unencumbered by any liens or claims which would be ineffectual against a third party judgment creditor as of the date of bankruptcy. See *In re General Coffee Corporation, City National Bank of Miami v. General Coffee Corporation*, 41 B.R. 781 (1984).

It follows that the bank's claim is inferior to and subordinate to that of the bankruptcy trustee in the real property in question and as to the proceeds of the sale of that property.