**In re Bettie J. JANIS, Debtor.**

**A.L. ORCHARDS LIMITED, SERIES 1, a Florida Limited Partnership, Edward S. Scott, Margaret P. Croucher, Michael and Adelaide Cordes, W.R. Latimer, Michael and Eileen Ruth, Bruce Wilson, Joan McHale, Jeffrey J. Elenewski, Miriam K. Pearl, Constantine J. Suflas, Ernest J. Clute, Jr., Thomas A. Burton and Anthony F. Klopp, Plaintiffs,**

v.

**Bettie J. JANIS, Debtor and William Seidle, Trustee for the Estate of Bettie J. Janis, Defendants.**

**Bankruptcy No. 84–00156–BKC–SMW. Adv. No. 84–0376–BKC–SMW–A.**

United States Bankruptcy Court, S.D. Florida.

Jan. 7, 1985.

Ronald G. Nuwirth, Miami, Fla., for plaintiffs.

William M. Manker, Miami, Fla., for debtor.

Timothy J. Norris, Miami, Fla., for trustee.

## FINDINGS OF FACTS AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

This matter came before the Court on the plaintiffs' complaint to establish a constructive trust, for relief ancillary to that determination, and to determine the dischargeability of obligations owed to the plaintiffs. The defendant Bettie J. Janis, debtor (the "Debtor"), failed to respond, and a default was entered against her. The other defendant, William D. Seidle, as trustee of the debtor's estate, (the "Trustee"), answered and counterclaimed to avoid the transfer of an interest in real property pursuant to 11 U.S.C. § 544. The plaintiffs and the Trustee submitted the action to the Court on stipulated facts, and from the facts so stipulated and in the record the Court makes the following findings of fact and conclusions of law.

The Court has jurisdiction of the parties and of this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a) and (b).

In March of 1979, the Debtor and two other individuals acquired an interest in property commonly referred to as A.L. Orchards and described as:

> The West ¾ of the Northwest ¼ of the Northwest ¼, less the North ⅓ thereof, Section 27, Township 57 South, Range 38 East, lying and being in Dade County, Florida.

Thereafter, the Debtor organized a limited partnership, named A.L. Orchards, Ltd., Series # 1, and sought investors to invest in the limited partnership. According to the offering memorandum, the Debtor was to be a general partner of the limited partnership, which was to acquire the A.L. Orchards property for $220,000. The individual plaintiffs responded to the Debtor's solicitation of limited partners and invested $160,000 with the Debtor for the purpose of acquiring limited partnership interests and with the understanding expressed in the offering memorandum that the funds invested would be used to acquire the property. Subsequently, the limited partnership filed tax returns and sent the appropriate forms to the limited partners reflecting the ownership of the property in the limited partnership. However, the property was never conveyed to the limited partnership, and title remained in the Debtor's name when she filed her petition under Chapter 11 (The case since has been converted to Chapter 7.).

By quit-claim deed, one of the owners of the property conveyed his interest to the Debtor prior to the commencement of the case. Subsequently, the Debtor executed a mortgage on her interest in the property, apparently to secure a loan of $50,000 to her individually, the proceeds of which were not used to benefit the property or the limited partnership.

From these basic facts, the Court concludes that the plaintiffs have not established a constructive trust for their benefit. The facts set forth above simply establish that the Debtor acquired an interest in property, organized a limited partnership and solicited investments from the individual plaintiffs with an offering memorandum which indicated that the property would be conveyed to the limited partnership, and that title to the property was never transferred to the limited partnership. The plaintiffs have not pointed to any property or funds which are traceable to the funds invested by them, and the property in question is not a *res* traceable to their funds since it was acquired months before the limited partnership was organized and funds solicited. Thus, the plaintiffs have failed to establish an essential ingredient of a constructive trust: "Under federal law, plaintiffs must be able to trace their funds

to an identifiable trust in the hands of the trustee." *In re Kennedy & Cohen, Inc.,* 612 F.2d 963, 966 (5th Cir.), *cert. denied,* 449 U.S. 833, 101 S.Ct. 103, 66 L.Ed.2d 38 (1980). *See generally* 4 *Collier on Bankruptcy* ¶ 541.13 (15th ed. rev. 1984). The failure to establish this element means that the Court need not determine whether the other elements of a constructive trust were established by the plaintiffs and also means that the Debtor's ownership interest in the property is property of her bankruptcy estate free of any constructive trust claim of the plaintiffs.

■ Since the plaintiffs have failed to establish a constructive trust, the Court does not have to address the Trustee's counterclaim, which asserted that any constructive trust which the plaintiffs might be able to establish is subject to the avoiding power under 11 U.S.C. § 544(a)(3). That provision gives a trustee the status of a *bona fide* purchaser of real property as of the date of commencement of the case. The authorities relied upon by the trustee hold that a constructive trust is subject to that avoiding power. *See In re General Coffee Corp.,* 41 B.R. 781 (Bkrtcy.S.D.Fla. 1984); *In re Great Plains Western Ranch Co.,* 38 B.R. 899 (Bkrtcy.C.D.Cal.1984); *Palmland Villas I Condominium Ass'n. v. Taylor,* 390 So.2d 123 (Fla. 4th DCA 1980). However, since there is no constructive trust to avoid, the counterclaim will be dismissed as moot.

■ The Debtor failed to defend the plaintiffs' claim that her obligations to them are nondischargeable pursuant to 11 U.S.C. § 523(a)(2) and (4), and a default was entered against her. The plaintiffs have established the sums that were paid by them to the Debtor as subscriptions to the limited partnership, and they are entitled to judgment in those sums:

| | |
|---|---|
| Edward S. Scott | $10,000 |
| Margaret P. Croucher | $20,000 |
| Michael and Adelaide Cordes | $20,000 |
| W.R. Latimer | $10,000 |
| Michael and Eileen Ruth | $10,000 |
| Bruce Wilson | $10,000 |
| Joan McHale | $20,000 |

| | |
|---|---|
| Jeffrey J. Elenewski | $10,000 |
| Miriam K. Pearl | $10,000 |
| Constantine J. Suflas | $10,000 |
| Ernest J. Clute, Jr. | $10,000 |
| Thomas A. Burton | $10,000 |
| Anthony F. Klopp | $10,000 |

A judgment will be entered accordingly.