505 So.2d 598 (1987)
Marvin Thomas RIGBY, Individually and On Behalf of the Heirs of William Clinton Rigby, Andrew Jackson Rigby, and James Franklin Rigby, Appellants,
v.
Vernie G. LILES, Adrian L. Lancaster, Marion Gene Liles, and Bass Enterprises Production Co., Appellees.
No. BL-86.
District Court of Appeal of Florida, First District.
April 10, 1987.
*599 Paul Shimek, Jr., of Shimek & Southerland, Pensacola, for appellants.
Donald H. Partington, of Clark, Partington, Hart, Larry, Bond & Stackhouse, Pensacola, for appellees.
ZEHMER, Judge.
Marvin Thomas Rigby appeals the dismissal of his three count second amended complaint in a action seeking a declaratory judgment, to quiet title, and the reformation of a deed. He seeks reversal, arguing (1) that the declaratory judgment count stated a cause of action, and (2) that neither the statute of limitations nor the doctrine of laches bars the alleged causes of action to quiet title or reform deeds. We find merit to both arguments and reverse.
On October 1, 1965 the twenty-one heirs of King Lafayette Rigby and Clara Lee Rigby instructed their attorney, R. Brownlee Eggart, to prepare deeds to convey certain real property to M.J. and Vernie Liles. Eggart was instructed to retain one-half of all the oil, gas, and mineral rights in the realty for all grantors. Eggart prepared eleven warranty deeds to accomplish the requested transfer, one deed for all of the owners living in the Pensacola area, and one for each of the ten out-of-town owners. The warranty deed for the intown owners contained the clause, "Grantors reserve one-half of all oil, gas and minerals, and in accepting this conveyance grantees acknowledge that above owners and their co-tenants retain one-half of oil, gas and minerals." [Emphasis added.] The clause did not appear in the ten out-of-town warranty deeds. The complaint alleges, however, that it was understood by all grantors and agreed to by the grantees that all of the grantors would retain one-half of the mineral rights in their portion of the property conveyed.
The grantees entered into an oil, gas, and mineral lease with Humble Oil & Refining Company in 1970. Sometime in 1984 appellants (the out-of-town grantors) discovered their one-half interest in the mineral rights had not been expressly reserved in all the warranty deeds. In September 1984, appellee Bass Enterprises agreed to make lease payments on the mineral rights to the grantees and only to those grantors whose deeds had expressly reserved one-half of the mineral rights. Appellants demanded, and were refused, payment.
In August 1985, Marvin Thomas Rigby filed a complaint, individually and on behalf of the heirs of William Clinton Rigby, Andrew Jackson Rigby, and James Franklin Rigby, his brothers, seeking declaratory judgment, deed clarification or reformation, and damages. Appellees filed a motion to dismiss on the ground that the cause of action was barred by the statute of limitations. Appellants filed an amended complaint on September 20, 1985. Appellees then filed a motion to dismiss the amended complaint on grounds that (1) appellant Marvin Rigby had no standing to file the action on behalf of the other affected owners; (2) the complaint failed to state a claim for declaratory judgment; (3) the action was barred by laches; and (4) the action was barred by the statute of limitations.
Prior to a ruling on this motion to dismiss, the appellants filed a second amended complaint in three counts, seeking (1) declaratory judgment that all grantors had reserved one-half of all oil, gas, and mineral rights, and that the appellees be ordered to hold in trust for appellants all funds received from these rights; (2) to quiet title in appellants so that title would reflect their ownership of one-half of the reserved oil, gas, and mineral rights in the land they had conveyed; and (3) reformation of the original deeds.
*600 The trial court thereafter entered the appealed order, (1) granting plaintiff's motion to file the second amended complaint; (2) granting defendant's motion to dismiss the second complaint on the ground that Marvin Thomas Rigby had an interest in only one warranty deed and therefore lacked standing to file an action on behalf of the other parties; (3) granting defendant's motion to dismiss for failure to state a claim for declaratory judgment; and (4) granting defendant's motion to dismiss the quiet title and reformation claims on the grounds that they were barred by laches and the applicable statute of limitations.
First, we conclude that the declaratory judgment count states a good cause of action. The declaratory judgment act should be liberally construed in order to settle uncertainties with respect to rights, status, or other equitable and legal relationships. Section 86.011, Florida Statutes (1985). The complaint alleges bona fide doubt as to the rights and status of the out-of-town grantors with respect to their reserved mineral rights. The complaint seeks to have the court determine that the out-of-town grantors are the "co-tenants" of the property owners described in the deed signed by the in-town grantors and, that the out-of-town owners, therefore, have also reserved one-half the oil, gas, and mineral rights. The test of sufficiency of a complaint in a declaratory judgment proceeding is not whether the complaint shows that the plaintiff will prevail, but whether there is a bona fide dispute and the plaintiff is entitled to a declaration of rights. Dent v. Belin, 483 So.2d 61 (Fla. 1st DCA 1986). In this case, the declaratory judgment count alleges a personal interest by Marvin Rigby, that a bona fide dispute exists, and that alleged rights of the parties must be determined by the court. The complaint is, therefore, sufficient to survive a motion to dismiss. On remand, appellant may amend to include additional necessary parties.
Next, we look at the lower court's ruling on the statute of limitations and laches. Appellees assert that the seven year statute of limitation contained in § 95.12 bars the appellants' actions for substantive relief. Rigby, however, argues that the statute of limitations or laches does not bar his actions to quiet title or reform deeds.
In considering the laches issue, we follow the rule that unless strong equities compelling application of a different rule are made to appear, a court of equity should apply the statute of limitations in an equity suit with the same substantial effect and construction it would receive at law. H.K.L. Realty Corp. v. Kirtley, 74 So.2d 876 (Fla. 1954); Jefferies v. Corwin, 363 So.2d 600 (Fla. 4th DCA 1978); Tower v. Moskowitz, 262 So.2d 276 (Fla. 3d DCA), cert. denied, 268 So.2d 906 (Fla. 1972). This principle is tempered, however, by the proposition that
[l]aches, even when measured by a statutory yardstick, does not necessarily bar the assertion of rights in a court of equity which have been the subject of attempted invasion or destruction by action which is null and void, at least not until and unless the rights of innocent third parties intervene or one (or more) of the transgressors has clearly demonstrated that the delay has prejudiced his alleged rights.
Tower v. Moskowitz, 262 So.2d at 279 (quoting Reed v. Fain, 145 So.2d 858, 868 (Fla. 1962)).
Section 95.12, Fla. Stat. (1985), provides that "no action to recover real property or its possession shall be maintained unless the person seeking recovery or his ancestor, predecessor, or grantor was seized or possessed of the property within 7 years before the commencement of the action." Cases falling within the ambit of § 95.12 deal generally with actions to recover possession of realty based on adverse possession, boundary disputes, and ejectment. See McDonald v. O'Steen, 429 So.2d 407 (Fla. 1st DCA 1983); Moore v. Musa, 198 So.2d 843 (Fla. 3d DCA 1967); Walker v. United States, 428 F.2d 1229 (Ct.Cl. 1970).
Section 95.231(2), Fla. Stat. (1985), on the other hand, provides that "after 20 years from the recording of a deed or the probate of a will purporting to convey real property, no person shall assert any claim to the *601 property against the claimants under the deed or will or their successors in title." Section 95.231 is not a traditional statute of limitation but rather a curative act with a limitation period. Holland v. Hattaway, 438 So.2d 456 (Fla. 5th DCA 1983). The purpose of the statute is to
[c]lear an existing title to real estate or an interest in it, of formal irregularities, that is, of clouds, doubts and suspicions against the title resulting from technical defects in the form or execution of deeds and wills executed by `the person owning the property' by limiting the time within which such defects can be asserted to a stated time as measured from some event, such as their recording.
Id. at 461. Cases falling under § 95.231 include actions to quiet title and to establish resulting trusts, void deeds, dower interest, and defective deeds. See Creary v. Estate of Creary, 338 So.2d 26 (Fla. 1st DCA 1976); Yawn v. Blackwell, 343 So.2d 906 (Fla. 3d DCA 1977); Holland v. Hattaway, supra.
The counts for quiet title and reformation before us do not conclusively appear, as a matter of law, to be suits to "recover real property or its possession" within the meaning of the seven year limitation period in § 95.12; rather, these counts appear to allege actions in equity to construe or make the deeds respecting which appellants were grantors as tenants in common speak the truth as between them and the grantees to the deeds, subject to the twenty year limitation period in § 95.231. Accordingly, we conclude that the trial court erred in dismissing these counts, as well as the declaratory judgment count, on grounds they are conclusively barred by the seven year statute of limitation and laches.
In addition, we note that the statute of limitations and laches are affirmative defenses which should be raised by answer rather than by a motion to dismiss the complaint; and only in extraordinary circumstances where the facts constituting the defense affirmatively appear on the face of the complaint and establish conclusively that the statute of limitations bars the action as a matter of law, should a motion to dismiss on this ground be granted. Fla.R.Civ.P. 1.110(d). See also Adams v. Knabb Turpentine Co., Inc., 435 So.2d 944 (Fla. 1st DCA 1983); Lago West 84, Inc. v. Homac Barnes, Inc., 486 So.2d 64 (Fla. 4th DCA 1986). Since the statute of limitation, being an affirmative defense, may be avoided by facts alleged in a reply, Tuggle v. Maddox, 60 So.2d 158 (Fla. 1952), in order to grant the motion to dismiss the allegations of the complaint must also conclusively negate any ability on the part of the plaintiff to allege facts in avoidance of the applicable statute of limitations by way of the reply. Whether appellees could allege facts to demonstrate that the causes of action alleged in counts two (quiet title) and three (reformation)[1] actually call for application of laches or the seven year limitation is a matter we need not reach at this time. Nor, for that matter, if appellees are able to allege facts showing that part or all of appellants' causes of action should be barred by laches or the seven year statute of limitations, do we speculate on whether appellants would be able to allege sufficient facts to avoid these affirmative defenses.
The appealed order is reversed and the cause remanded for further proceedings.
REVERSED AND REMANDED.
WENTWORTH, J., and HALL, J. LEWIS, Jr., Associate Judge, concur.
NOTES
[1] The legal sufficiency of these counts to allege a cause of action has not been presented on appeal and we express no view thereon.