# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2023-1060
LT Case No. H-27-2021-CC-001454

———————————————

HERNANDO COUNTY, FLORIDA,

    Appellant,

    v.

HERNANDO COUNTY FAIR
ASSOCIATION, INC.,

    Appellee.

———————————————

On Appeal from the County Court for Hernando County.
Barbara-Jo Bell, Judge.

Jon A. Jouben and Kyle J. Benda, Brooksville, for Appellant.

Joseph M. Mason, Jr., of McGee & Mason, P.A., Brooksville, for
Appellee.

May 3, 2024

PER CURIAM.

Hernando County, Florida (the "County") appeals the trial
court's final order dismissing with prejudice its single-count
breach of contract first amended complaint that it filed against the
Hernando County Fair Association, Inc. ("HCFA"). The trial court
concluded that the five-year statute of limitations for bringing an

action on a written contract had expired prior to suit being filed.[1] We reverse.

## I.

According to its first amended complaint, in 1964, the County began leasing to HCFA certain real property that it described as the "Fairgrounds Parcel," upon which HCFA would hold the annual county fair. The parties later entered into the written contract at issue,[2] where the County agreed to convey the Fairgrounds Parcel to HCFA and, in consideration, HCFA agreed to redevelop this property pursuant to a Master Plan that had to be approved by the County. The contract did not provide a date by which the Fairgrounds Property was to be redeveloped, although it did contain a specific date for the submission of the Master Plan. The County alleged in its amended complaint that it conveyed the subject property to HCFA, but HCFA had breached the contract by its failure to substantially redevelop the property.

HCFA moved to dismiss the first amended complaint, arguing that its alleged breach in failing to submit the Master Plan to the County by the date described in the contract began the running of the five-year statute of limitations for the County to have brought the instant breach of contract action. HCFA asserted that because this limitations period had, in fact, expired before the County filed its original complaint, the action was time-barred. The trial court agreed and, after also concluding that further leave to amend the complaint would be futile, dismissed the action with prejudice.

## II.

A trial court's final order dismissing a complaint with prejudice, such as was done here, is reviewed de novo. *Real Est. Sols. Home Sellers, LLC v. Viera E. Golf Course Dist. Ass'n*, 288 So.

---

[1] *See* § 95.11(2)(b), Fla. Stat. (2007).

[2] The parties' contract consists of two separate documents titled "Performance Agreement" and "Memorandum of Understanding."

3d 1228, 1230 n.2 (Fla. 5th DCA 2020) (citing *Chimera Servs., Inc. v. Prevatt*, 267 So. 3d 556, 557 (Fla. 5th DCA 2019)).

## III.

The purpose of a motion to dismiss is to test the legal sufficiency of a complaint. *Grove Isle Ass'n v. Grove Isle Assocs., LLLP*, 137 So. 3d 1081, 1089 (Fla. 3d DCA 2014) (citing *Fla. Bar v. Greene*, 926 So. 2d 1195, 1199 (Fla. 2006)). To that end, when evaluating whether a complaint is legally sufficient, a trial court must (1) limit itself to examining the four corners of the complaint, including any attached or incorporated exhibits, (2) assume the factual allegations in the complaint to be true, and (3) construe all reasonable inferences from the complaint in favor of the non-moving party. *Id.* (citing *Greene*, 926 So. 2d at 1199; *Minor v. Brunetti*, 43 So. 3d 178, 179 (Fla. 3d DCA 2010)).

Also pertinent to our analysis is that the statute of limitations is an affirmative defense that should generally be raised by answer rather than a motion to dismiss the complaint. *Rigby v. Liles*, 505 So. 2d 598, 601 (Fla. 1st DCA 1987). Nevertheless, in extraordinary circumstances, a motion to dismiss is appropriate if the facts constituting the defense affirmatively appear on the face of the complaint and establish conclusively that the statute of limitations bars the action as a matter of law. *Id.* This principle comes with the caveat that "[b]ecause affirmative defenses may be avoided by facts pled in a reply, the allegations of the complaint must also conclusively negate the plaintiff's ability to allege facts in avoidance of the defense by way of reply or dismissal is inappropriate." *Grove Isle*, 137 So. 3d at 1089 (citing *Rigby*, 505 So. 2d at 601; *Saltponds Condo. Ass'n v. McCoy*, 972 So. 2d 230, 231 (Fla. 3d DCA 2007)). Therefore, the issue before us is whether, as a matter of law, the statute of limitations defense is conclusively established on the face of the County's first amended complaint and that the County's ability to allege facts in avoidance of this defense is also conclusively negated.

## IV.

Our review shows that the County alleged in its first amended complaint various breaches of the contract regarding

3

HCFA's failure to complete the redevelopment of the Fairgrounds Parcel that related not only to HCFA's single act of failing to submit the Master Plan by the designated date, but also in failing to comply with numerous other intertwined, ongoing, and continuing contractual duties and obligations that postdated the date that the Master Plan was due. As such, under the "continuing breach" doctrine, *see Allapattah Servs., Inc. v. Exxon Corp.*, 188 F.R.D. 667, 680 (S.D. Fla. 1999) ("Where the nature of the contract is continuous, statutes of limitations do not typically begin to run until termination of the entire contract."), *aff'd*, 333 F.3d 1248 (11th Cir. 2003), *aff'd sub. nom.*, *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005), we conclude that the trial court erred in dismissing the action with prejudice because the complaint does not conclusively show that the statute of limitations bars this action.[3]

Accordingly, the final order of dismissal with prejudice is reversed; and we remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.

WALLIS, LAMBERT, and HARRIS, JJ., concur.

––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––

---

[3] The County also argues that the trial court abused its discretion in not also granting it leave to file a second amended complaint to allege additional facts in avoidance of the statute of limitations defense. Based upon our disposition, we find it unnecessary to address the merits of this argument.

4